### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CARRIE M. WARREN, | |
| Plaintiff, | No. 15 C 496 |
| v. | Judge Thomas M. Durkin |
| KENDALL COUNTY SHERIFF'S OFFICE; RICHARD RANDALL; SCOTT KOSTER; AND SABRINA JENNINGS, | |
| Defendants. | |

### ORDER

Carrie Warren has filed a motion for a new trial arguing that the Court incorrectly instructed the jury on her Title VII and Section 1983 discrimination claims because the Court failed to include an instruction regarding mixed motive. R. 179; R. 195. For the following reasons, that motion is granted.

### I.     Title VII

Title VII provides the following:

> an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a *motivating factor* for any employment practice, even though other factors also motivated the practice.

42 U.S.C. § 2000e-2(m) (emphasis added). And further, when a plaintiff proves a violation of this section,

> and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court—

> (i) may grant declaratory relief, injunctive relief (except as
> provided in cause (ii)), and attorney's fees and costs
> demonstrated to be directly attributable only to the
> pursuit of a claim under section 2000e-2(m) of this title;
> and
> (ii) shall not award damages or issue an order requiring
> any admission, reinstatement, hiring, promotion, or
> payment, described in subparagraph (A).

42 U.S.C. § 2000e-5(g)(2)(B).

Interpreting this statute, the Supreme Court has explained that "a plaintiff [can] obtain declaratory relief, attorney's fees and costs, and some forms of injunctive relief based solely on proof that [a protected characteristic] was a motivating factor in the employment action; but the employer's proof that it would still have taken the same employment action would save it from monetary damages and a reinstatement order." *Univ. Tex. Sw. Med. Cen. v. Nassar*, 133 S. Ct. 2517, 2526 (2013).

On the basis of this statute, the Seventh Circuit Pattern Instructions recommend the following instruction:

> Plaintiff must prove by a preponderance of the evidence
> that [her gender] was a motivating factor in Defendant's
> decision to [terminate her]. A motivating factor is
> something that contributed to Defendant's decision.
>
> If you find that Plaintiff has proved that [her gender]
> contributed to Defendant's decision to [terminate her],
> you must then decide whether Defendant proved by a
> preponderance of the evidence that it would have
> [terminated her] even if Plaintiff was not [a woman]. If so,
> you must enter a verdict for the Plaintiff but you may not
> award [her] damages.

Comment c to Seventh Circuit Pattern Instruction 3.01. This is known as the "mixed motive" instruction.

The Court did not give the "mixed motive" instruction here. Instead the Court gave the following instruction, based on the Seventh Circuit's "General Employment Discrimination Instruction," 3.01:

> Carrie Warren claims that she was fired by the Kendall County Sheriff's Office because she is a woman. To succeed on this claim, Carrie Warren must have proved by a preponderance of the evidence that the Kendall County Sheriff's Office fired her because she is a woman. To determine that Carrie Warren was fired because she is a woman, you must decide that the Kendall County Sheriff's Office would not have fired her if she was a man but everything else had been the same.
>
> If you find that Carrie Warren has proved this by a preponderance of the evidence, the[n] you must find for Carrie Warren on the Title VII Discrimination claim against the Kendall County Sheriff's Office, and you may award her damages on this claim. However, if you find that Carrie Warren has not proved this by a preponderance of the evidence, then you must find for the Kendall County Sheriff's Office on the Title VII Discrimination claim, and you may not award her damages on this claim.

In *Desert Palace, Inc. v. Costa*, the Supreme Court indicated that Title VII discrimination claims do not always require a mixed motive instruction. 539 U.S. 90, 101 (2003) ("In order to obtain [a mixed motive instruction], a plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that [a protected characteristic] was a motivating factor for any employment practice."). The Seventh Circuit made a similar holding in *Rapold v. Baxter*, 718 F.3d 602, 611-12 (7th Cir. 2013) ("The relevant question then is . . .

3

whether the case overall is one where either the plaintiff's or the defendant's evidence lends itself to coexisting dual causes for an adverse employment action. . . . [O]nce either party requests a motivating factor instruction, the district court should simply determine whether the evidence supports the instruction. . . . The correct question then is whether Dr. Rapold presented *sufficient evidence* that his national origin played *some part* in Baxter's decision. Framed thus, it is a close question whether Dr. Rapold was entitled to a motivating factor instruction.) (emphasis added).

However, 21 days after the Seventh Circuit issued *Rapold*, the Supreme Court clarified the issue to the contrary:

> An employee who alleges status-based discrimination under Title VII need not show that the causal link between injury and wrong is so close that the injury would not have occurred but for the act. So-called but-for causation is not the test. It suffices instead to show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision.

*Nassar*, 133 S. Ct. at 2522-23. In other words, the Supreme Court held that a mixed motive instruction should be given on a Title VII discrimination claim, and a "but-for" instruction, like the one the Court gave here, is incorrect.

Warren sought a mixed motive instruction in her proposed jury instructions and at the instruction conference, *see* R. 169 at 1768-77, but she failed to cite *Nassar* until her reply brief on the current motion for a new trial. *See* R. 195 at 5. Defendants also never cited *Nassar*, either at the instruction conference or in post-trial briefing. Defendants argue that Warren's failure to make this argument during

4

the instruction conference is a sufficient basis to deny her motion for a new trial. *See* R. 194 at 4 ("In her motion Warren repeatedly claims that during the jury instruction conference she identified potential coexisting dual causes for her termination and that she was terminated because of a combination of gender and untruthfulness, yet Warren has not cited any statement during the jury instruction conference to support such claims."). But this argument relies on too narrow an understanding of when a mixed motive instruction is appropriate. Title VII's language, and the Supreme Court's holding in *Nassar*, show that a mixed motive instruction should be given to the jury deciding a Title VII discrimination claim.

Having determined that the jury instruction was incorrect, the Court must determine whether the error caused prejudice to Warren. *See Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 733 (7th Cir. 2013) ("To obtain a new trial based on incorrect jury instructions, [the plaintiff] must establish that (1) the instructions did not accurately state the law, and (2) the error prejudiced her because the jury was likely to be misled or confused." (citing *Rapold*, 718 F.3d at 609)). As the evidence came in at trial, the case turned on the jury's evaluation of Deputy Koster's testimony that he fired Warren because she was untruthful, and the jury's evaluations of the comparator evidence, which the Court on summary judgment found raised genuine questions of fact for a reasonable jury. The jury by its verdict found that this evidence was insufficient to show that Warren was fired because of her gender. But there is nothing about the evidence that would preclude a jury from finding that Warren's gender was at least a

motivating factor in her termination. The evidence came in at trial in accord with how it appeared on summary judgment, and the Court determined on summary judgment that there are genuine issues of fact regarding the "but-for" cause of Warren's termination. For similar reasons, the Court finds that the evidence is sufficient for a jury to find that Warren's gender was a motivating factor in her termination. But the jury was not asked this question. Thus, the erroneous instruction caused prejudice to Warren and a new trial is necessary.

Defendants suggest that even if a new trial is necessary for the jury to decide whether Warren can prove that her gender was a motivating factor in her termination, a new trial is not necessary to decide whether Defendants met their burden to prove that Warren's gender was not the but-for cause of her termination, because the original jury verdict was issued following a "but-for" instruction. Warren argues that a new trial is necessary on both elements because the instruction also erroneously placed the burden on *her* to prove that she was not fired because she is a woman, whereas Title VII places the burden on *Defendants* to prove that they fired Warren for some other, legal reason. R. 195 at 15. The Court agrees with Warren's analysis, and for this reason finds that the first verdict cannot stand even partially on the issue for which Defendants bear the burden of proof.

In light of the Court's decision that a new trial is necessary, Defendants' motion for a judgment as a matter of law, R. 163, is no longer moot. In *Rapold*, the Seventh Circuit found that the district court's failure to give a mixed motive instruction on a Title VII discrimination claim was harmless because there was

6

insufficient evidence that the plaintiff's ethnicity or "culture" was a motivating factor for the decision to withdraw his job offer. The court explained:

> Dr. Rapold introduced at trial several instances in which Hunt referred to so-called "European cultural differences"—from attributing difficulties with Dr. Rapold to "culture" to stating that perhaps someone could work with him who understood the "Germanic approach," which she described as an autocratic, hierarchical management style. The problem with Dr. Rapold's argument, however, is that when presented in context, none of these instances support an inference that Hunt or Baxter held any discriminatory animus against Germans, Europeans, or Dr. Rapold himself. Shortly after Dr. Rapold began his consultancy, he exhibited a pattern of rude, arrogant, and authoritarian behavior. Instead of terminating the consultancy immediately, Baxter and Hunt in particular posited that perhaps Dr. Rapold's inappropriate behavior could be explained by his cultural background and that with a little effort he could adjust his behaviors to conform with Baxter's legitimate business expectations. That is to say, there is no evidence in the record suggesting Hunt or anyone else at Baxter posited that because Dr. Rapold was Germanic he was arrogant and rude; rather, the evidence supports only the conclusion that Dr. Rapold revealed himself to be arrogant and rude, and Hunt speculated that his cultural background could provide one explanation for his inappropriate behavior. Thus, we are hardpressed to see how the motivating factor instruction would have made a difference here: the evidence shows that Baxter responded to Dr. Rapold's *conduct*, not to any preexisting notion of how German or European employees behave.
>
> *     *     *
>
> Taken in context, the repeated references to Dr. Rapold's "culture" by Hunt and others at Baxter evince little more than an attempt to give Dr. Rapold the benefit of the doubt in the face of increasingly unprofessional behavior. Far from painting Dr. Rapold in an unfavorable light on account of his "Germanic" or "autocratic" tendencies or demonstrating that Baxter's view of those traits as immutable, the testimony establishes Hunt's optimism

7

> that Dr. Rapold could conform to the culture at Baxter
> even as she received increasing feedback of unacceptable
> behavior by him. Given the evidence, Baxter was entitled
> to maintain its position that Dr. Rapold's national origin
> was irrelevant to its actual decision to rescind his offer;
> the starkly different picture Dr. Rapold attempted to
> paint with his own testimony left little common ground
> for the jury to conclude that Dr. Rapold may have
> behaved badly but that Baxter in some way discriminated
> against him because of his national origin. Although our
> review may have been more straightforward if the *jury*
> had been allowed to reject the notion that Dr. Rapold's
> national origin played any part in the rescinding of his
> offer, it is apparent from the record that had it been given
> such an option, the result would have been the same.

*Rapold*, 718 F.3d at 612-13.

The evidence of discrimination in this case is stronger than the evidence in *Rapold*. As discussed above with regard to the prejudice Warren suffered from the erroneous instruction, the question of whether Warren was fired because of her gender turns on how much the jury believed Deputy Koster's testimony that he fired her because she was untruthful, and the jury's evaluations of the comparator evidence, which the Court in its summary judgment ruling found raised genuine questions of fact for a reasonable jury. Thus, because the evidence presented at the first trial raised genuine questions for the jury, the evidence was not so deficient as to mandate a judgment for Defendants.

## II.  Section 1983

Warren also argues that her discrimination claim under Section 1983 should include a mixed motive instruction. Defendants objected to this request because the Seventh Circuit has held that courts "cannot import the authorization of partial

'motivating-factor' relief found in [Title VII] § 2000e-2(m) into entirely different statutes—Title VI, § 1981, or §1983." *Smith v. Wilson*, 705 F.3d 674, 680 (7th Cir. 2013). At the first trial the Court agreed with this argument.

However, upon further review, the Court realizes that this aspect of the holding in *Smith* applies only to the "partial relief" the mixed motive instruction provides under *Title VII*. The Seventh Circuit went on to hold that a jury deciding a *Section 1983*, Equal Protection, employment discrimination claim like Warren's should be instructed that "once a plaintiff discharges her burden of establishing that a decision was motivated in part by a racially discriminatory purpose, the burden shifts to the defendant to establish that the same decision would have resulted even had the impermissible purpose not been considered." *Id.* at 681. Therefore, a new trial on Warren's Section 1983 discrimination claim is also warranted.

## Conclusion

For the foregoing reasons, Warren's motion for a new trial, R. 179; R. 195, is granted in that a new trial on Warren's Title VII and Section 1983 discrimination claims is necessary. Warren has not sought, and the Court does not order, a new trial on Warren's retaliation claims.

Additionally, Defendants' motion for judgment as a matter of law, R. 163, is no longer moot, and, for the reasons stated in this order, it is denied on the merits without the need for additional briefing.

9

Lastly, Defendants' motion for bill of costs, R. 176, is entered and continued until final judgment is entered in the case.

A status hearing is set for August 24, 2017, at which the parties should be prepared to set a new trial date and to discuss whether a referral to the magistrate judge for a settlement conference would be helpful at this time.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 18, 2017