UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE M. WARREN | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 CV 00496 |
| | ) | |
| KENDALL COUNTY SHERIFF | ) | |
| DWIGHT BAIRD, in his official capacity | ) | Judge Thomas Durkin |
| and as successor in office to Richard | ) | Magistrate Judge Mary Rowland |
| Randall, KENDALL COUNTY, | ) | |
| ILLINOIS, RICHARD RANDALL, | ) | |
| SCOTT KOSTER, SABRINA JENNINGS, | ) | |
| JOSEPH GILLESPIE, and EDMUND | ) | |
| BELMONTE, | ) | |
| Defendants. | ) | |
| | ) | |

## FINAL PRE-TRIAL MEMORANDUM

**I.**   **TRIAL ATTORNEYS**

FOR PLAINTIFF

Attorneys:

Colleen M. McLaughlin
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd.
Ste. 209
Wheaton, IL 60189
Office: 630-221-0305

Karen J. Doran
Karen J. Doran, Attorney At Law, LLC
2100 Manchester Rd., Ste 942
Wheaton, IL 60187
630-384-9367
karen@karendoranlaw.com

Also Present:

Plaintiff Carrie M. Warren
Trial Assistants: Katherine Gal
                        Kelly O'Brien


FOR DEFENDANTS

Attorneys:

Julie Bruch
Karin Anderson
O'Halloran Kosoff Geitner & Cook, LLC
Edens Corporate Center
650 Dundee Road
Fourth Floor
Northbrook, IL 60062
847-291-0200


## II.   CASE STATEMENT

Plaintiff, Carrie Warren, was a Kendall County Sheriff deputy assigned to work in the county jail from February 2009 to March 2014. She claims that her termination was the result of gender discrimination in that she was treated differently than male deputies who remained employed after committing similar or more serious rule infractions than she did or allegedly did. The Defendants are the Kendall County Sheriff's Office and individual defendants, Richard Randall, the former Kendall County Sheriff; Scott Koster, the former Chief Deputy; and Sabrina Jennings, Commander of the Corrections Division. Defendants maintain that they did not discriminate against Plaintiff because she is a female and deny that she was treated differently than male deputies who committed similar or more serious rule infractions than Plaintiff.

## III.     <u>TRIAL LENGTH AND NUMBER OF JURORS</u>

The parties anticipate that this trial will take 7-9 days. The parties recommend selecting twelve (12) jurors.

## IV.     <u>VOIR DIRE QUESTIONS</u>

**The parties will stipulate to the use of the jury questionnaire used during the first trial, with minor modifications to address the new scope on re-trial. The questionnaire is set forth below:**

<u>QUESTIONNAIRE FOR PROSPECTIVE JURORS</u>

1. Your full name and age:_____

2. Are you a U.S. Citizen? _____

3. This trial is expected to last **<u>7-9 days.</u>** If the length of the trial would cause a significant, unavoidable hardship, please explain in detail the nature of the hardship. You should understand that simple inconvenience is not grounds for disqualification from jury duty. _____
_____

4. List all cities or suburbs where you have lived for the last ten years (if Chicago, please identify what part of Chicago, for example, South Side, Rogers Park, etc.): _____

5. Do you own your home or rent it? _____

6. What is your level of education and degrees earned? _____

7. What is your current occupation and employer, and how long have you worked there? _____
_____

8. What other jobs and employers have you had during your adult working life? _____
_____

9. Please provide employment information for your spouse and other who live with you, and any adult children. _____

10. Have you ever managed or supervised and/or hired or fired other employees? If yes, please explain, and state whether you have taken part in an investigation of any employee for misconduct. If yes, did you ever have to fire someone for lying or covering up a lie? _____
_____
_____

11. Have you ever been terminated from a job? If yes, please explain. Do you believe the termination was improper? How did the termination affect you? _____

_____

12. Have you, a close friend, or a family member ever been involved in a lawsuit? If so, what was the nature of the lawsuit and your (his or her) involvement? _____

_____

13. Have you, a close friend, or a family member ever been accused by a co-worker of discrimination in the workplace? Please explain. _____

_____

14. Have you, a close friend, or a family member ever complained of unfair employment practices either internally to the employer or through a government agency, such as the Illinois Department of Human Rights or the Equal Employment Opportunity Commission? If yes, what was the basis of the complaint? Were you satisfied with the outcome? _____

_____

15. Have you been accused of misconduct or error at work that resulted in an investigation? If yes, please explain. Do you believe the investigation was fair and objective? Did you expect a different result? _____

_____

16. Do any of your past or present employers have anti-discrimination policies? If yes, what kind of training did you receive regarding these policies? _____

_____

17. Have you ever worked in what you considered to be a male or female dominated workplace? If yes, please explain. Did you observe women or men being treated differently than each other in this environment? _____

18. How often do you read, listen, or watch the news? Where do you get your news? _____

19. Have you ever commented in writing, such as online or in a letter to the editor, regarding news stories you feel strongly about? If yes, please give the most recent examples. _____

_____

20. Do you like watching TV shows or movies about police investigations or the legal system? _ Which shows do you most enjoy? _____

21. What civic groups or organizations do you belong to or participate in? _____

22. Do you hold any religious, philosophical, moral or other beliefs that would make it difficult for you to judge the conduct of another person?  _____

23. Do you have any friends of family members who are or have ever been employed by a police department or law enforcement agency? If so, is there anything about your relationship with that person which would impact your ability to judge a police officer's actions in this case?  _____
_____

24. Have you, a close friend, or a family member ever been arrested, charged with or convicted of a crime, or had any other encounter or involvement with a member of law enforcement other than a traffic offense? If yes, please state: (1) the individual's relationship to you; (2) the nature of the circumstance; and (3) the disposition of any charge.  _____
_____

25. If you answered yes to question 24, please state whether that experience left you with any feelings or opinions regarding law enforcement or police officers that could affect your ability to be fair to all parties in this case? If yes, you will be asked to explain during later questioning.  ___

26. Have you ever been in a situation where a supervisor was abusing their power?  If yes, please explain. _____

27. Have you even been in a situation where a subordinate or coworker made untrue statements about working conditions to try to protect their job, or to try to cover up the fact that they violated work policy? If yes, please explain.  _____
_____

28. If plaintiff proves that defendants intentionally discriminated against her, would you have any reservations about awarding her punitive damages—i.e., damages intended to punish the defendants for their conduct? Conversely, if plaintiff does not prove that punishment is warranted, could you find for plaintiff without awarding such damages? _____

29. Are there any facts or circumstances you believe that the court or the parties should know that might affect your ability to serve as a fair and impartial juror in this case? _____

## PARTIES' AGREED UPON SUPPLEMENTAL QUESTIONS

1.  For those of you who have filed a Charge of Discrimination with the Illinois Department of Human Rights or the Equal Employment Opportunity Commission, or have had a family member of close friend do so, explain in detail.

      a.   What was the basis of the Charge? Who was the Charge filed against? What was the outcome of the Charge? Were you satisfied with the handling and result of the Charge?

2.     Short of filing a Charge of Discrimination with a government agency, have you or a close family member ever made an internal complaint to your employer for discrimination? Explain.

      a.   Did you have a good outcome or were you disappointed in the handling of a personnel matter by their supervisor or HR? Did you expect something different to occur?

3.     If you have been involved in supervising, hiring or firing employees, have you taken part in an investigation of any employee for misconduct? What was your role? Explain your process for investigating? What was the outcome?

4.     Has anyone ever reported to their employer inappropriate or unprofessional behavior in the workplace by someone else? If yes, how did your employer respond?

5.     Has anyone ever been in a situation where they felt a supervisor was abusing their power? If yes, please explain.

6.     To those of you who have been fired from a job, do you believe the termination was improper? Why or why not?

7.     Have you ever had to fire someone from a job for lying or covering up a lie?

8.     Do you believe that the jury system is unfair to plaintiffs or defendants based on what you have heard about awards of money or findings of no liability in civil cases? If yes, please explain.

9. Have you ever had an incident at work in which you were personally accused of misconduct or error that resulted in an investigation? Tell us about the investigation. Do you believe the investigation was fair and objective? Did you expect a different result?

10. Do any of your past or present employers have anti-harassment/discrimination policies? If yes, what kind of training have you received on the policies?

11. Do you consider yourself a "big picture" or more of a "detail" type person?

12. How often do you read, listen, or watch the news? From what sources do you get your news?

13. Have you ever commented in writing, such as online or in a letter to the editor, regarding news stories you feel strongly about? If yes, please give most recent examples.

14. Do any of you like watching TV shows or movies about police investigations or the legal system? Which shows do you most enjoy?

15. Do any of you hold the opinion that you would not want your wife, mother, sister, or daughter working in law enforcement? Please explain

16. Everyone has had life experiences that affect the way they view certain issues. You may be a fair and good person, but still have reservations about being fair and impartial in this case. While you likely would be an excellent juror in another case, perhaps you are not the best juror for this lawsuit. Does anyone feel that way, please discuss with the judge in private.

**PLAINTIFF'S PROPOSED SUPPLEMENTAL VOIR DIRE QUESTIONS**

**with Defendants objections**

1.      What do you feel is the most important characteristic for a juror to possess?

**Irrelevant and confusing for anyone who has never been a juror and would not know what is expected.**

2.      Do you feel comfortable making a finding that a police officer has lied or has broken the law? Why or why not?

3.      Do you believe it is possible for a female to discriminate against a female subordinate? Why or why not? Have you encountered situations where you have seen or heard about a female acting in a discriminatory manner against another female.

**Improper indoctrination.**

4.      Do you consider your job to be a "job" or "career" (i.e., not just what you do but who you are)? Please explain.

**Improper indoctrination.**

5.      Can you think of a circumstance where you believe an employer would <u>not</u> need to consider all available evidence before firing someone?

**Improper indoctrination. Incomplete hypothetical. Too vague. How could juror possible consider every scenario?**

6.      If your employer has an anti-discrimination/harassment policy, do you consider it to be effective at preventing harassment and discrimination? Why or why not?

**Improper indoctrination.**

**DEFENDANTS' PROPOSED SUPPLEMENTAL VOIR DIRE QUESTIONS**

1.      For those of you who are union members, have you or your family members ever filed a union grievance?

    a. Were you satisfied with the outcome of that process?

    b. Did you ever have a grievance proceed through an arbitration hearing? Were you satisfied with that process?

**Improper indoctrination. Plaintiff grievance was after the decision to terminate and therefore is not relevant.**

2. Has anyone been in a situation where a subordinate or coworker made untrue statements about a work related issue? If yes, please explain.

   **Improper indoctrination.**

3. Has anyone been in a situation where a subordinate or co-worker made untrue statements about a work issue to try to cover up the fact that they violated work policy? If yes, please explain.

   **Improper indoctrination.**

4. Have you or a close relative ever served in the military? If so, state which branch, your dates of service, and position.

5. Have you ever served on a jury? If so, where? Was it civil or criminal?

6. Do you, your friends or family members have close ties to any elected official (state, federal, city or county)? If yes, please identify your relationship to that person. What is/was their position?

7. Do you know or have you had any dealings with any of the individuals listed on the attached page of attorneys, Parties and Witnesses?

V.    **WITNESS LISTS**

**PLAINTIFF'S WITNESS LIST**
**with Defendants' objections**

A.    **Plaintiff will call the following witnesses to testify: (listed in tentative order of appearance)**

1.    **Carrie Warren,** the Plaintiff.

2.    **Jeff Warren** is Plaintiff's husband. Mr. Warren has knowledge of Plaintiff's emotional state during the investigation that led to her termination and post termination.

3.    **Sabrina Jennings** is one of the defendants. Jennings has been the Commander of the Kendall County correctional division since 2003 and Plaintiff's supervisor throughout her tenure at the jail. Jennings took part in the investigation into Plaintiff's conduct on January 6, 2014 and recommended her termination.

4.    **Scott Koster** is one of the defendants. Koster was the Chief Deputy and second-in-command at the Kendall County Sheriff's Office from 2010 through 2015. Koster took part in the investigation into Plaintiff's conduct on January 6, 2014 and recommended her termination.

5.    **Richard Randall** is one of the individual defendants. Randall was the elected Sheriff of Kendall County from December 1986 to December 2014. Randall was in charge of the Kendall County Sheriff's Office during the time of Plaintiff's employment. He approved the recommendations of termination by Defendants Jennings and Koster.

6.    **Jennifer Mallon** is a close friend of Plaintiff's who lives in Iowa. Mallon has knowledge of Plaintiff's emotional state during the investigation leading to plaintiff's termination and post termination.

7.  **Carmen Rhoden** is a close friend of Plaintiff's. Rhoden has knowledge of Plaintiff's emotional state during the investigation leading to plaintiff's termination and post termination.

B.  **Plaintiff may call the following individuals to testify at trial (stated in alphabetical order)**

**Louise May** is Plaintiff's mother-in-law. May has knowledge of Plaintiff's emotional state during the investigation that led to plaintiff's termination and post termination.

**Objection – see Ds' MIL 12, 15 and 20. Fed.R.Civ.P. 37(c)(1)**

**Sherry Theos** is a close friend of Plaintiff's. Theos has knowledge of Plaintiff's emotional state during the investigation that led to plaintiff's termination and post termination.

**Objection – see Ds' MIL 12, 15 and 20. Fed.R.Civ.P. 37(c)(1)**

**Dion Little** is a deputy at the Kendall County jail. Little was Plaintiff's union steward during the disciplinary proceedings that occurred prior to her termination on March 13, 2014.

**Objection – see Ds' MIL 15. Fed.R.Civ.P. 37(c)(1)**

**Dwight Baird** is the current Kendall County Sheriff. Baird became Sheriff in December 2014. Baird also is a friend of Plaintiff's husband, Jeff Warren. During her employment, Plaintiff spoke with Baird regarding discipline she received under Sheriff Randall, including her termination.

**Objection – irrelevant**

**Lisa Bowen** is an administrative assistant. Bowen has knowledge of some of the events that occurred on January 6, 2014 and the ensuing investigation of Plaintiff's conduct, as well as the policies and procedures of the Kendall County Sheriff's Office.

**Christine Fidler** is the owner of Great American Travel Agency and was Plaintiff's travel agent as of January 6, 2014. Fidler provided statements to Plaintiff and Defendants during the investigation into Plaintiff's conduct on January 6, 2014.

**Donna Jenkins** was a jury commissioner on January 6, 2014 and was present when Plaintiff checked-in for jury duty.

**Robert Leinen** was a Deputy Commander in charge of the courthouse on January 6, 2014. He has knowledge of some of the events that occurred on January 6, 2014, and the ensuing investigation of Plaintiff's conduct.

**Nikki Swiss** was a jury commission administrator on January 6, 2014. She has knowledge of some of the events that occurred on January 6, 2014 and the ensuing investigation of Plaintiff's conduct.

**Dr. Worron** was a prospective juror on January 6, 2014 and on February 19, 2014, she provided Plaintiff a written statement of her observations in the courtroom during voir dire.

**Objection – Dr. Worron was not disclosed as a witness during discovery and was not listed on Plaintiff's witness list for the first trial. See Ds' MIL 12 and 15 Fed.R.Civ.P. 37(c)(1)**

**C.      Although Plaintiff does not believe it will be necessary to call other current or former employees of the KCSO to testify, she reserves the right to do should counsel determine it necessary to get certain evidence supporting her theory of the case admitted.**

**Objection. Defendants cannot possibly have unknown, unnamed employees available for trial with no prior notice.**

**<u>DEFENDANTS' WITNESS LIST</u>**
**with Plaintiff's objections**

**<u>WILL CALL</u>**

**<u>Carrie Warren, Plaintiff</u>**

**<u>Subject of Information:</u>** Warren has knowledge of matters set forth in her complaint, her employment with the Kendall County Sheriff's Office, her disciplinary history, and her participation in disciplinary hearings and investigation, as well as the grievance and arbitration process.

**<u>Chief Deputy Scott Koster, Kendall County Sheriff's Office Chief Deputy</u>**

**<u>Subject of Information:</u>** Koster has knowledge of the operation and rules and regulations of the Kendall County Sheriff's Office. Koster has knowledge of his work relationship with Warren. Koster has knowledge of allegations brought against Warren and his investigation into the allegations. Koster has knowledge of meetings and hearings he attended concerning the allegations brought against Warren. Koster has knowledge of the recommendations he made to Sheriff Randall following his investigation and the reasons for his recommendations. Koster has knowledge of Warren's participation in the grievance and arbitration process.

**<u>Commander Sabrina Jennings, Kendall County Sheriff's Office Commander</u>**

**<u>Subject of Information:</u>** Jennings has knowledge of the operation and rules and regulations of the Kendall County Sheriff's Office. Jennings has knowledge of her work relationship with Warren. Jennings has knowledge of allegations brought against Warren and her investigation into the allegations. Jennings has knowledge of meetings and hearings she attended concerning the allegations brought against Warren. Jennings has knowledge of Warren's participation in the grievance and arbitration process.

**<u>Former Sheriff Richard Randall, Former Sheriff of Kendall County</u>**

**<u>Subject of Information:</u>** Randall has knowledge of the operation and rules and regulations of the Kendall County Sheriff's Office. Randall has knowledge of his work relationship with Warren. Randall has knowledge of allegations brought against Warren and his review of the investigation conducted by his office into the allegations. Randall has knowledge of his decision to terminate Warren's employment and his reasons for that decision. Randall has knowledge of Warren's participation in the grievance and arbitration process.

**Judge Robert Pilmer, Kendall County Judge, Kendall County Courthouse**

**Subject of Information:** Judge Pilmer has knowledge of his contacts and communication with Warren during jury duty on January 6, 2014 and an email he sent to Judge Tim McCann on January 7, 2014 regarding his concerns about Warren's conduct during voir dire.

-**PLAINTIFF OBJECTS TO THIS WITNESS, SEE PLAINTIFF'S MIL**


**Tracy Page, Executive Assistant to the Sheriff/Human Resources Manager**

**Subject of Information:** Page has knowledge of statements made by Warren on January 6, 2014 and her communication of those statements to supervisors at the Kendall County Sheriff's Office.


**Lisa Bowen, Kendall County Records Division Manager**

**Subject of Information:** Bowen has knowledge of statements made by Warren on January 6, 2014 and her communication of those statements to supervisors at the Kendall County Sheriff's Office.


**Christine Fidler, Great American Travel Company Travel Agent**

**Subject of Information:** Fidler has knowledge of her communications with Warren relating to a trip planned in 2014 and a follow up conversation with Warren where she was asked by Warren to provide an email on records she provided to the Sheriff's Office and her participation in the Sheriff's Office investigation into Warren including providing a recorded statement.


**Jeffery Warren, Plaintiff's Spouse**

**Subject of Information:** Jeffery Warren has knowledge of the matters set forth in his deposition and trial testimony.


**VI.    EXHIBIT LISTS**

Plaintiff's Exhibit list, Defendants' Exhibit list, and a Joint Exhibit List are attached hereto as

Exhibits A-C.

## VII.    <u>JURY INSTRUCTIONS</u>

Attached hereto as Exhibit D.


Dated: July 2, 2018                              Respectfully Submitted,

                                                 <u>/s/ Colleen McLaughlin</u>
                                                 One of the Attorneys for Plaintiff


Colleen M. McLaughlin
Gregory S. Dierdorf
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd., Ste. 209
Wheaton, IL 60189
O        630-221-0305
F        630-221-0706
colleen@cmmc-employmentlaw.com
greg@cmmc-employmentlaw.com