Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Joint Instruction No. _____1_____
7th Circuit Pattern Instruction 1.01
**1.01 FUNCTIONS OF THE COURT AND THE JURY**

Withdrawn
Given
Given as modified
Refused



During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Joint Instruction No. _____2_____
7th Circuit Pattern Instruction 1.02
**1.02  NO INFERENCE FROM JUDGE'S QUESTIONS**

Withdrawn
Given                          _____
Given as modified              _____
Refused                        _____

2

In this case one of the defendants is a governmental entity. All parties are equal before the law. A governmental entity is entitled to the same fair consideration that you would give any individual person.

Joint Instruction No. _____3_____
7th Circuit Pattern Instruction 1.03
**1.03  ALL LITIGANTS EQUAL BEFORE THE LAW**

Withdrawn              _____
Given                     _____
Given as modified    _____
Refused                 _____

3

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

Joint Instruction No. _____4_____

7th Circuit Pattern Instruction 1.04

**1.04  EVIDENCE**

Withdrawn            _____
Given                _____
Given as modified    _____
Refused              _____

4

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Joint Instruction No. _____5_____
7th Circuit Pattern Instruction 1.06
**1.06 WHAT IS NOT EVIDENCE**

Withdrawn                     _____
Given                         _____
Given as modified             _____
Refused                       _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony. You will not have the opportunity to review any portions of the transcript during your deliberations.

Joint Instruction No. _____6_____
7th Circuit Pattern Instruction 1.07 modified as per 1st trial
**1.07 NOTE-TAKING**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

6

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Joint Instruction No. _____7\_\_\_\_\_
7th Circuit Pattern Instruction 1.08
**1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

Withdrawn _____
Given _____
Given as modified _____
Refused _____

7

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Joint Instruction No. _____8_____
7th Circuit Pattern Instruction 1.11
**1.11 WEIGHING THE EVIDENCE**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

8

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Joint Instruction No. _____9_____
7th Circuit Pattern Instruction 1.12
**1.12 DEFINITION OF "DIRECT AND "CIRCUMSTANTIAL" EVIDENCE**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Joint Instruction No. _____10____
7th Circuit Pattern Instruction 1.16
**1.16 LAWYER INTERVIEWING WITNESS**

Withdrawn              _____
Given                  _____
Given as modified      _____
Refused                _____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Joint Instruction No. _____11____
7th Circuit Pattern Instruction 1.18
**1.18 ABSENCE OF EVIDENCE**

Withdrawn
Given                              _____
Given as modified                 _____
Refused                           _____

11

You must give separate consideration to each claim and each party in this case. Although there are four defendants, namely, the Kendall County Sheriff's Office; Richard Randall; Scott Koster; and Sabrina Jennings-- it does not necessarily follow that if one is liable, any of the other individual defendants is also liable.

Joint Instruction No. _____ 12____
7th Circuit Pattern Instruction 1.25 modified as per 1st trial
**1.25 MULTIPLE CLAIMS; MULTIPLE DEFENDANTS**

Withdrawn              _____
Given                      _____
Given as modified   _____
Refused                _____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Joint Instruction No. _____13_____
7th Circuit Pattern Instruction 1.27
**1.27 BURDEN OF PROOF**

Withdrawn
Given                                    _____
Given as modified                  _____
Refused                               _____

13

You may, but are not required to, assess punitive damages against Richard Randall, Scott Koster, and/or Sabrina Jennings. The purposes of punitive damages are to punish one or more of these defendants for their conduct and to serve as an example or warning to these defendants and others not to engage in similar conduct in the future.

Carrie Warren must prove by a preponderance of the evidence that punitive damages should be assessed against any of these particular defendants. You may assess punitive damages only if you find that the conduct of one or more of these defendants was malicious or in reckless disregard of Carrie Warren's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of causing injury. An action is in reckless disregard of Carrie Warren's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of any of the particular defendant's conduct;

- the impact of the particular defendant's conduct on Carrie Warren;

- the relationship between Carrie Warren and the particular defendant;

- the likelihood that the particular defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm that Carrie Warren suffered.

14

Joint Instruction No. _____ 14 _____
7th Circuit Pattern Instruction 3.13
**3.13 PUNITIVE DAMAGES**

Withdrawn              _____
Given                 _____
Given as modified     _____
Refused               _____

15

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Joint Instruction No. _____15___
7th Circuit Pattern Instruction 1.32
**1.32 SELECTION OF PRESIDING JUROR:  GENERAL VERDICT**

Withdrawn                          _____
Given                              _____
Given as modified                  _____
Refused                            _____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Joint Instruction No. _____16_____
7th Circuit Pattern Instruction 1.33
**1.33 COMMUNICATION WITH COURT**

Withdrawn
Given                             _____
Given as modified                _____
Refused                          _____

The verdict must represent the considered judgment of each juror. Your verdict whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Joint Instruction No. _____17_____
7th Circuit Pattern Instruction 1.34
**1.34 DISAGREEMENT AMONG JURORS**

Withdrawn
Given                           _____
Given as modified      _____
Refused                       _____

18

Certain demonstrative exhibits have been shown to you. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts. They will not be given to you to take back to the jury room when you deliberate.

Plaintiff's Instruction No. _____1_____
7th Circuit Pattern Instruction 1.24
**1.24 DEMONSTRATIVE EXHIBITS**

Withdrawn          _____
Given                _____
Given as modified    _____
Refused            _____

During trial, certain testimony was presented to you by the reading of a deposition. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Defendant's Objection:** **Defendants assert that this instruction is not needed because all witnesses are testifying live.**

**Plaintiff's Response:** **Plaintiff anticipates that she may use deposition testimony in lieu of a live witness.**

Plaintiff's Instruction No. _____2_____
7th Circuit Pattern Instruction 1.05
**1.05 DEPOSITION TESTIMONY**

Withdrawn
Given                            _____
Given as modified                _____
Refused                          _____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a large number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Instruction No. _____3_____
7th Circuit Pattern Instruction 1.17
**1.17 NUMBER OF WITNESSES**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

**INSTRUCTION PROPOSED BY PLAINTIFF – DISPUTED**

You must decide whether the testimony of each of the witnesses is truthful and accurate,

in part, in whole, or not at all. You must decide what weight, if any, you give to the testimony of

each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- The witness's memory;
- Any interest, bias, or prejudice the witness may have;
- The witness's intelligence;
- The manner of the witness while testifying; and
- The reasonableness of the witness's testimony in light of all the evidence in the case.

**Defendants' Objection:** Defendants seek to include reference to "the witness's age."

**Plaintiff's Response:** Plaintiff believes any reference to age is irrelevant. Per the committee comments, the reference to age should only be included when a very elderly or very young witness has testified. That is not happening, here.

Plaintiff's Instruction No. _____4_____

**7th Circuit Pattern Instruction 1.13**; Warren v. KCSO, et al., Dkt. No. 172.

**TESTIMONY OF WITNESS (DECIDING WHAT TO BELIEVE)**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

## ALTERNATIVE INSTRUCTION PROPOSED BY DEFENDANT

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Defendants' Instruction No. _____1_____
7th Circuit Pattern Instruction 1.13
**1.13 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

Withdrawn                          _____
Given                              _____
Given as modified                  _____
Refused                            _____

**PROPOSED BY PLAINTIFF-DISPUTED**

In order for Carrie Warren to prove that a male deputy was treated better than her based on his gender, Carrie Warren must show that the male deputy is directly comparable to her in all material respects, but the male employee need not be identical in every conceivable way. Rather, there simply must be enough common factors to allow for a meaningful comparison and assess whether gender discrimination occurred based on the concept that, all things being equal, if an employer takes an action against one employee in a protected class but not another outside the class, one can infer discrimination.

**Defendants' Objection:** Defendants' instruction 2 is a more accurate statement of the law. Plaintiff's instruction is too confusing, contains too much legalese and does not define the term "common factors" which is defined in the *Coleman* decision at 667 F.3d at 847 and is defined in relevant part in Defendants' instruction.

**Plaintiff's Response:** Plaintiff's proposed instruction contains an accurate statement of law that is taken directly from the Seventh's Circuit's seminal decision concerning comparator evidence, *Coleman v. Donahoe*, 667 F.3d 835 (7th Cir. 2012). Plaintiff contends that a jury will understand the implications of this evidence/concept, particularly in light of the explanation of the purpose of this instruction contained in the final sentence. Defendants' proposed instruction does not adequately explain the significance of comparator evidence or the flexibility of this inquiry, as articulated by the Seventh Circuit.

Plaintiff's Instruction No. _____5_____

*Coleman v. Donahoe*, **667 F.3d 835, 846-47 (7th Cir. 2012).**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

## ALTERNATIVE INSTRUCTION PROPOSED BY DEFENDANT

In order for Carrie Warren to prove that a male deputy was treated better than her based on his gender, Carrie Warren must show that the male deputy is directly comparable to her in all material respects. Carrie Warren must show that the male deputies were subject to the same standards and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the Sheriff's Office treatment of them.

Defendants' Instruction No. ___2___

***Monroe v. Indiana Dep't of Transp.*, 871 F.3d 495, 507 (7th Cir. 2017).**

Withdrawn       _____
Given       _____
Given as modified       _____
Refused       _____

**PROPOSED BY PLAINTIFF – DISPUTED**

Carrie Warren claims that her gender was a motivating factor in her discharge, and that her termination therefore violated federal civil rights laws. She claims that the Kendall County Sheriff's Office, Richard Randall, Scott Koster, and/or Sabrina Jennings are liable for her termination. You should individually consider and determine whether any of these four defendants terminated Carrie Warren in violation of federal civil rights laws.

Carrie Warren has made discrimination claims under two different federal statutes: (1) Title VII of the Civil Rights Act of 1964 against the Kendall County Sheriff's Office; and (2) Section 1983, enacted as part of the Civil Rights Act of 1871, against the Kendall County Sheriff's Office, Richard Randall, Scott Koster, and Sabrina Jennings.

**Defendants' Objection:** Defendants' instruction 3 is consistent with Defendants' proposed 4, 5 and 7 on the basis that Defendants' position is that the facts and evidence do not support this being a mixed motive case and that 7th Cir. Pattern Instruction 3.01 given in the first trial was the appropriate instruction.

**Plaintiff's Response:** Plaintiff's proposed instruction is consistent with the motivating factor language included in other instructions.

Plaintiff's Instruction No. _____6_____
7th Cir. Pattern Instruction No. 3.01(c) (modified)
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn
Given                    _____
Given as modified        _____
Refused                  _____

26

**ALTERNATIVE INSTRUCTION PROPOSED BY DEFENDANT**

Carrie Warren claims that she was fired because she is a woman, and that her termination violated federal civil rights law. She claims that the Kendall County Sheriff's Office, Richard Randall, Scott Koster, and/or Sabrina Jennings are liable for her termination. You should individually consider and determine whether any of these four defendants terminated Carrie Warren in violation of federal civil rights law.

Carrie Warren has made discrimination claims under two different federal statutes: (1) Title VII of the Civil Rights Act of 1964 against the Kendall County Sheriff's Office; and (2) Section 1983, enacted as part of the Civil Rights Act of 1871, against the Kendall County Sheriff's Office, Richard Randall, Scott Koster, and Sabrina Jennings.

Defendants' Instruction No. _____3_____
7th Cir. Pattern Instruction No. 3.01 (modified)
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

27

**PROPOSED BY PLAINTIFF – DISPUTED**

To succeed on her Title VII gender discrimination claim against the Kendall County Sheriff's Office, Carrie Warren must prove by a preponderance of the evidence that her gender was a motivating factor in the Kendall County Sheriff's Office's decision to terminate her employment. A motivating factor is something that contributed to the Kendall County Sheriff's Office's decision.

If you find that Carrie Warren has proved that her gender contributed to the Kendall County Sheriff's Office's decision to terminate her employment, you must then decide whether the Kendall County Sheriff's Office proved by a preponderance of the evidence that it would have terminated her even if Carrie Warren was not a woman. If so, you must enter a verdict for Carrie Warren but you may not award her damages on this claim.

**Defendants' Objection:** – Defendants' instruction 4 is preferred because Defendants submit that the facts and evidence do not support this being a mixed motive case and that 7th Cir. Pattern Instruction 3.01 given in the first trial was the appropriate instruction.

**Plaintiff's Response:** Per this Court's prior ruling, a motivating factor instruction is appropriate for Plaintiff's gender discrimination claims.

Plaintiff's Instruction No. _____7_____
7th Cir. Pattern Instruction No. 3.01c (modified)
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn                      _____
Given                          _____
Given as modified              _____
Refused                        _____

**ALTERNATIVE INSTRUCTION PROPOSED BY DEFENDANTS**

Carrie Warren claims that she was fired by the Kendall County Sheriff's Office because she is a woman. To succeed on this claim, Carrie Warren must have proved by a preponderance of the evidence that the Kendall County Sheriff's Office fired her because she is a woman. To determine that Carrie Warren was fired because she is a woman, you must decide that the Kendall County Sheriff's Office would not have fired her if she was a man but everything else had been the same.

If you find that Carrie Warren has proved this by a preponderance of the evidence, then you must find for Carrie Warren on the Title VII discrimination claim against the Kendall County Sheriff's Office, and you may award her damages on this claim. However, if you find that Carrie Warren has not proved this by a preponderance of the evidence, then you must find for the Kendall County Sheriff's Office on the Title VII discrimination claim, and you may not award her damages on this claim.

Defendants' Instruction No. _____4_____
7th Cir. Pattern Instruction No. 3.01 (modified); *Huff v. Sheahan*, Case No. 97 C 4568 (Doc. 349 at p. 8)(modified).
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

**PROPOSED BY PLAINTIFF – DISPUTED**

      To succeed in any of her Section 1983 claims, Carrie Warren must prove by a preponderance of the evidence that her gender was a motivating factor in the decision(s) of Richard Randall, Scott Koster, and/or Sabrina Jennings to terminate her employment. A motivating factor is something that contributed to the decision(s) of Richard Randall, Scott Koster, and/or Sabrina Jennings.

      If you find that Carrie Warren has proved that her gender contributed to the decision(s) of Richard Randall, Scott Koster, and/or Sabrina Jennings to terminate her employment, you must then decide whether Richard Randall, Scott Koster, and/or Sabrina Jennings proved by a preponderance of the evidence that they would have terminated her even if Carrie Warren was not a woman. If so, you must enter a verdict for Richard Randall, Scott Koster, and/or Sabrina Jennings.

      You must separately consider whether Carrie Warren has proved the Section 1983 discrimination claims with respect to Richard Randall, Scott Koster, and/or Sabrina Jennings, individually, as well as whether any or all of these defendants have proved that they would have terminated Carrie Warren even if she was not a woman.

**Defendants' Objection: – Defendants' instruction 5 is preferred because Defendants submit that facts and evidence do not support this being a mixed motive case and that 7th Cir. Pattern Instruction 3.01 given in the first trial was the appropriate instruction. If the Court gives a mixed motive instruction, Defendants' instruction 6 more accurately follows the Court's ruling on the motion for new trial. Doc. 200 at 9.**

**Plaintiff's Response: Per this Court's prior ruling, a motivating factor instruction is appropriate for Plaintiff's gender discrimination claims. Plaintiff's proposed Section 1983 instruction mirrors the language from the Title VII instruction and is less likely to confuse the jury with respect to the standards of liability.**

Plaintiff's Instruction No. _____8_____
7th Cir. Pattern Instruction No. 3.01(c) (modified).
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

## ALTERNATIVE INSTRUCTIONS PROPOSED BY DEFENDANTS

Carrie Warren claims that she was fired by Richard Randall, Scott Koster, and Sabrina Jennings because she is a woman. To succeed on this claim under Section 1983, Carrie Warren must prove by a preponderance of the evidence that she was fired by Richard Randall, Scott Koster, and/or Sabrina Jennings because she is a woman. To determine that Carrie Warren was fired because she is a woman, you must decide that Richard Randall, Scott Koster, and/or Sabrina Jennings would not have fired Carrie Warren if she was a man but everything else had been the same.

If you find that Carrie Warren has proved this by a preponderance of the evidence, then you must find for Carrie Warren on the Section 1983 discrimination claim against Richard Randall, Scott Koster, and/or Sabrina Jennings, and you may award her damages on this claim. However, if you find that Carrie Warren has not proved this by a preponderance of the evidence, then you must find for Richard Randall, Scott Koster, and/or Sabrina Jennings on the Section 1983 discrimination claim, and you may not award her damages on this claim.

You must separately consider whether Carrie Warren has proved the Section 1983 discrimination claim with respect to each of Richard Randall, Scott Koster, and Sabrina Jennings individually.

Defendants' Instruction No. _____5_____
7th Cir. Pattern Instruction No. 3.01 (modified).
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn            _____
Given                   _____
Given as modified  _____
Refused                _____

Carrie Warren must prove by a preponderance of the evidence that her gender was a motivating factor in Richard Randall, Scott Koster, and/or Sabrina Jennings decision to terminate her employment. A motivating factor is something that contributed to Richard Randall, Scott Koster, and/or Sabrina Jennings decision.

If you find that Carrie Warren has proved that Richard Randall, Scott Koster, and/or Sabrina Jennings decision to terminate her employment was motivated in part because of her gender, you must then decide whether Richard Randall, Scott Koster, and/or Sabrina Jennings proved by a preponderance of the evidence that they would have terminated her even if her gender had not been considered. If so, you must enter a verdict for Richard Randall, Scott Koster, and/or Sabrina Jennings.

You must separately consider whether Carrie Warren has proved the Section 1983 discrimination claim with respect to each of Richard Randall, Scott Koster, and Sabrina Jennings individually.


Defendants' Instruction No. _____6_____
7th Cir. Pattern Instruction No. 3.01c (modified); *only if Defendants' Instruction 5 is rejected*
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**


Withdrawn              _____
Given                  _____
Given as modified      _____
Refused                _____

**PROPOSED BY PLAINTIFF – DISPUTED**

To succeed on her Section 1983 claim against the Kendall County Sheriff's Office, Carrie

Warren must prove by a preponderance of the evidence that her gender was a motivating factor in

the decision(s) of Richard Randall, Scott Koster, and/or Sabrina Jennings to terminate her

employment and that Richard Randall approved of that decision.

If you find that Carrie Warren has proved this by a preponderance of the evidence, then

you must find for Carrie Warren on the Section 1983 claim against the Kendall County Sheriff's

Office, and you may award her damages on this claim. However, if you find that Carrie Warren

has not proved this by a preponderance of the evidence or that the Kendall County Sheriff's Office

would have terminated Carrie Warren if she was not a woman, you must enter a verdict for the

Kendall County Sheriff's Office.

**Defendants' Objection: Defendants' instruction 7 is preferred because defendants submit
that facts and evidence do not support this being a mixed motive case and that 7th Cir. Pattern
Instruction 3.01 given in the first trial was the appropriate instruction. If the Court gives a
mixed motive instruction, Defendants' instruction 8 more accurately follows the Court's
ruling on the motion for new trial. Doc. 200 at 9.**

**Plaintiff's Response: Per this Court's prior ruling, a motivating factor instruction is
appropriate for Plaintiff's gender discrimination claims. Plaintiff's proposed Section 1983
instruction mirrors the language from the Title VII instruction and is less likely to confuse
the jury with respect to the standards of liability.**

Plaintiff's Instruction No. _____9_____
7th Cir. Pattern Instruction No. 3.01(c) (modified).
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn                    _____
Given                        _____
Given as modified            _____
Refused                      _____

**ALTERNATIVE INSTRUCTIONS PROPOSED BY DEFENDANTS**

To succeed on her Section 1983 discrimination claim against the Kendall County Sheriff's Office, Carrie Warren must prove by a preponderance of the evidence that an employee of the Kendall County Sheriff's Office fired her because she is a woman, the Kendall County Sheriff's Office would not have fired Carrie Warren if she was a man but everything else had been the same, and Richard Randall approved of that decision.

If you find that Carrie Warren has proved this by a preponderance of the evidence, then you must find for Carrie Warren on the Section 1983 discrimination claim against the Kendall County Sheriff's Office, and you may award her damages on this claim. However, if you find that Carrie Warren has not proved this by a preponderance of the evidence, then you must find for the Kendall County Sheriff's Office on the Section 1983 discrimination claim, and you may not award her damages.


Defendants' Instruction No. _____7_____
7th Cir. Pattern Instruction No. 3.01 (modified).
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**


Withdrawn                    _____
Given                        _____
Given as modified            _____
Refused                      _____

35

To succeed on her Section 1983 discrimination claim against the Kendall County Sheriff's Office, Carrie Warren must prove by a preponderance of the evidence that her gender was a motivating factor in a decision by an employee of Kendall County Sheriff's Office to terminate her employment. A motivating factor is something that contributed to the Kendall County Sheriff's Office's decision.

If you find that Carrie Warren has proved that the Kendall County Sheriff's Office decision to terminate her employment was motivated in part because of her gender, you must then decide whether the Kendall County Sheriff's Office proved by a preponderance of the evidence that they would have terminated her even if her gender had not been considered. If so, you must enter a verdict for the Kendall County Sheriff's Office.

Defendants' Instruction No. _____8_____
7th Cir. Pattern Instruction No. 3.01c (modified); *only if Defendants' Instruction 7 is rejected*
**3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS**

Withdrawn        _____
Given            _____
Given as modified _____
Refused          _____

**PROPOSED BY PLAINTIFF – DISPUTED**

You may award compensatory damages only for injuries that Carrie Warren proves by a preponderance of the evidence were caused by Defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past of future lost wages and benefits.

You should consider the mental and emotional pain and suffering that Carrie Warren has experienced and is reasonably certain to experience in the future, in calculating compensatory damages.

No evidence of the dollar value of mental and emotional pain and suffering needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Carrie Warren for the injury she has sustained.

**Defendants' Objection: Defendants' instruction 11 should be used because plaintiff's termination occurred over four years ago and there is no basis for future damages. In addition, plaintiff cannot be compensated for the stress of litigation.**
**Plaintiff's Response: Plaintiff's proposed instruction was utilized at the first trial and explains that the jury may award damages for future harms, which is a component of relief that is omitted from Defendants' proposed instruction. There is no adequate basis in the record for the modifications proposed by Defendants.**

Plaintiff's Instruction No. _____10_____
7th Circuit Pattern Instruction 3.10; Warren v. KCSO, et al., Dkt. No. 172.
**3.10 COMPENSATORY DAMAGES**

Withdrawn               _____
Given                   _____
Given as modified       _____
Refused                 _____

37

**ALTERNATIVE INSTRUCTION PROPOSED BY DEFENDANTS**

You may award compensatory damages only for injuries that Carrie Warren has proved by a preponderance of the evidence were caused by defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others.:

The emotional pain and suffering that Carrie Warren has experienced. No evidence of the dollar value of emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Carrie Warren for the injury she has sustained.

Carrie Warren is not entitled to recover damages for stress or emotional problems caused by or related to the filing of, or her involvement in, this lawsuit.


Defendants' Instruction No. _____11_____

7th Circuit Pattern Instruction 3.10 (modified); *Stoleson v. United States,* 708 F.2d 1217, 1223 (7th Cir. 1983); *Lockhart v. ExamOne World Wide, Inc.*, 904 F.Supp.2d 928, 943 (S.D. Ind. 2012); Last sentence given in *Henderson v. Nolan*, Case No. 12-2180 (C.D. Ill. Feb. 27, 2014) Doc. 52 at 21.

**3.10 COMPENSATORY DAMAGES (modified)**

Withdrawn          _____
Given               _____
Given as modified   _____
Refused             _____

**PROPOSED BY DEFENDANTS – DISPUTED**

You have heard evidence about whether defendants' conduct complied with or violated

certain rules and regulations. You may consider this evidence in your deliberations. But remember

that the issue is whether defendants discriminated against Carrie Warren, not whether a rule or

regulation might have been complied with or violated.

**Plaintiff's Objection: Plaintiff does not consider this instruction necessary and believes it is more likely to confuse the jury than clarify the issues in this case. To the extent this Court issues this type of instruction, Plaintiff has proposed an instruction (below) that explains the relevancy of alleged policy violations in the context of employment discrimination claims and conforms to the motivating factor standard at issue in this case. Please note that the Committee Comment to Rule 7.04 recognizes that the instruction may be inappropriate or may require modification when a policy itself can give rise to liability. If the jury concludes that Defendants violated their internal disciplinary policies, the jury may infer pretext/discrimination such that liability follows. *See Giacoletto v. Amax Zinc Co, Inc.*, 954 F.2d 424, 427 (7th Cir. 1992) (affirming jury verdict based, in part, on evidence that the defendant deviated from disciplinary policies when terminating the plaintiff).**

**Defendants' Response: Plaintiff's proposed instruction improperly instructs the jury that it can consider this evidence to determine whether Defendants treated Plaintiff differently than male employees. This is not the proper standard and is an improper modification of Pattern 7.04.**

Defendants' Instruction No. _____12_____
7th Circuit Pattern Instruction 7.04
**7.04 Limiting Instruction Concerning Evidence of Statutes, Administrative Rules, Regulations, and Policies**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

**ALTERNATIVE INSTRUCTION PROPOSED BY PLAINTIFF**

You have heard evidence about whether defendants' conduct complied with or violated certain rules and regulations. You may consider this evidence in your deliberations to determine whether Defendants treated Carrie Warren differently than male employees. Remember that the issue is whether Carrie Warren's gender was a motivating factor in her termination, not whether a rule or regulation might have been complied with or violated.

Plaintiff's Instruction No. _____11_____
7th Circuit Pattern Instruction 7.04 (modified)
**7.04 Limiting Instruction Concerning Evidence of Statutes, Administrative Rules, Regulations, and Policies**

Withdrawn            _____
Given                _____
Given as modified    _____
Refused              _____

**PROPOSED BY DEFENDANTS – DISPUTED**

In deciding Carrie Warren's claim of discrimination, you should not concern yourselves with whether defendants Kendall County Sheriff's Office, Richard Randall's, Scott Koster's, and Sabrina Jennings's actions in terminating Carrie Warren were wise, reasonable, or fair. Rather, your concern is only whether Carrie Warren has proved that defendants terminated her because she is a woman.

**Plaintiff's Objection:** Plaintiff does not consider this instruction necessary and believes that it is more likely to confuse the jury than clarify the issues for consideration. To the extent this Court considers this type of instruction appropriate, Plaintiff's proposed instruction (below) is consistent with the motivating factor language included in other instructions.

**Defendants' Objection:** If the Court determines that motivating factor is the proper standard, defendants propose changing the second sentence to "Rather, your concern is only whether Carrie Warren has proved that her gender was a motivating factor in a decision by an employee of the Kendall County Sheriff's Office to terminate her employment. " This is preferred to Plaintiffs' instruction 12.

Defendants' Instruction No. _____13_____
7th Cir. Pattern Instruction No. 3.07
**3.07 CAUTIONARY INSTRUCTION ON REASONABLENESS OF DEFENDANT'S ACTION**

Withdrawn          _____
Given              _____
Given as modified  _____
Refused            _____

**ALTERNATIVE INSTRUCTION PROPOSED BY PLAINTIFF**

In deciding Carrie Warren's claims of discrimination, you should not concern yourselves with whether the actions of defendants Kendall County Sheriff's Office, Richard Randall, Scott Koster, and/or Sabrina Jennings in terminating Carrie Warren were wise, reasonable, or fair. Rather, your concern is only whether Carrie Warren has proved that her gender was a motivating factor in her termination.

Plaintiff's Instruction No. _____12_____
7th Cir. Pattern Instruction No. 3.07 (modified)
**3.07 CAUTIONARY INSTRUCTION ON REASONABLENESS OF DEFENDANT'S ACTION**

Withdrawn                         _____
Given                             _____
Given as modified                 _____
Refused                           _____

42

**PROPOSED BY DEFENDANTS – DISPUTED**

In the foregoing instructions regarding Carrie Warren's Section 1983 discrimination claims, when I say that you must find that Carrie Warren was "fired *because* she is a woman," I mean that Carrie Warren must show that Richard Randall's, Scott Koster's, and/or Sabrina Jennings's actions were the "proximate cause" of Carrie Warren's termination. For any of their actions to be the proximate cause of Carrie Warren's termination, you must find that any of their actions decisively influenced the ultimate decision by the Kendall County Sheriff's Office to terminate Carrie Warren.

**Plaintiff's Objection: Plaintiff does not consider this instruction necessary in light of the instructions provided elsewhere concerning causation/liability. Additionally, Defendants' proposed instruction appears to suggest a "but for" standard of liability that likely will confuse the jury when compared to the motivating factor instructions. Lastly, the proposed instruction places the entire burden of proof on Plaintiff rather accounting for the burden-shifting standard that applies to mixed-motive cases.**

**Defendants' Response: None.**

Defendants' Instruction No. __14___
*Huff v. Sheahan*, Case No. 97 C 4568 (Doc. 349 at p. 19)(modified).
Withdrawn               _____
Given                   _____
Given as modified       _____
Refused                 _____

**PROPOSED BY DEFENDANTS – DISPUTED**

       Carrie Warren must prove by a preponderance of the evidence that Richard Randall, Scott

Koster, or Sabrina Jennings were personally involved in the conduct that Carrie Warren complains

about.  You may not hold them liable for what other employees did or did not do.

**Plaintiff's Objection: Plaintiff does not consider this instruction necessary in light of the
instructions provided elsewhere concerning the individual inquiry that is appropriate when
considering the Section 1983 claims against each individual defendant.**

**Defendants' Response: None.**

Defendants' Instruction No.     15
7th Cir. Pattern Instruction No. 7.02
**7.02 GENERAL REQUIREMENT OF PERSONAL INVOLVEMENT**

Withdrawn           _____
Given                 _____
Given as modified     _____
Refused               _____

**PROPOSED BY DEFENDANTS – DISPUTED**

If you find that Carrie Warren has proved any of her claims against any of the defendants, then you must determine what amount of damages, if any, Carrie Warren is entitled to recover. Carrie Warren must prove her damages by a preponderance of the evidence.

If you find that Carrie Warren has failed to prove any of her claims, then you will not consider the question of damages.

**Plaintiff's Objection: Plaintiff does not consider this instruction necessary in light of the compensatory damages instruction, which includes language concerning Plaintiff's burden of proof on the issue of damages.**

**Defendants' Response: None.**

Defendants' Instruction No. _____16____
7th Circuit Pattern Instruction 3.09
**3.09 DAMAGES: GENERAL**

Withdrawn            _____
Given                _____
Given as modified    _____
Refused              _____

<u>**VERDICT FORM PROPOSED BY PLAINTIFFS**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARRIE M. WARREN | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 CV 00496 |
| | ) | |
| KENDALL COUNTY SHERIFF | ) | |
| DWIGHT BAIRD, in his official capacity | ) | Judge Thomas M. Durkin |
| and as successor in office to Richard | ) | |
| Randall, et.al., | ) | |
| Defendants. | ) | |
| | ) | |

<u>**VERDICT FORM**</u>

1. On the Title VII gender discrimination claim of Carrie Warren against the Kendall County Sheriff's Office, as submitted in Instruction No. [XX], did Carrie Warren prove by a preponderance of the evidence that her gender was a motivating factor in her discharge?

    ANSWER:     YES_____          NO_____

    If you answered "yes" to question 1, proceed to question 2.  If you answered "no" to question 1, proceed to question 3.

2. On the Title VII gender discrimination claim of Carrie Warren against the Kendall County Sheriff's Office, as submitted in Instruction No. [XX], did the Kendall County Sheriff's Office prove by a preponderance of the evidence that it would have nonetheless terminated Carrie Warren's employment if she were a man?

    ANSWER:     YES_____          NO_____

3. On the Section 1983 gender discrimination claim of Carrie Warren against Sabrina Jennings, as submitted in Instruction No. [XX], did Carrie Warren prove by a preponderance of the evidence that her gender was a motivating factor in the decision-making process of Sabrina Jennings concerning her termination?

    ANSWER:     YES_____          NO_____

    If you answered "yes" to question 3, proceed to question 4.  If you answered "no" to question 3, proceed to question 5.

46

4.    On the Section 1983 gender discrimination claim of Carrie Warren against Sabrina Jennings, as submitted in Instruction No. [XX], did Sabrina Jennings prove by a preponderance of the evidence that she would have nonetheless terminated Carrie Warren if Carrie Warren were a man?

ANSWER:    YES_____              NO_____

5.    On the Section 1983 gender discrimination claim of Carrie Warren against Scott Koster, as submitted in Instruction No. [XX], did Carrie Warren prove by a preponderance of the evidence that her gender was a motivating factor in the decision-making process of Scott Koster concerning her termination?

ANSWER:    YES_____              NO_____

If you answered "yes" to question 5, proceed to question 6.  If you answered "no" to question 5, proceed to question 7.

6.    On the Section 1983 gender discrimination claim of Carrie Warren against Scott Koster, as submitted in Instruction No. [XX], did Scott Koster prove by a preponderance of the evidence that he would have nonetheless terminated Carrie Warren if she were a man?

ANSWER:    YES_____              NO_____

7.    On the Section 1983 gender discrimination claim of Carrie Warren against Richard Randall, as submitted in Instruction No. [XX], did Carrie Warren prove by a preponderance of the evidence that her gender was a motivating factor in the decision-making process of Richard Randall concerning her termination?

ANSWER:    YES_____              NO_____

If you answered "yes" to question 7, proceed to question 8.  If you answered "no" to question 7, proceed to question 9.

8.    On the Section 1983 gender discrimination claim of Carrie Warren against Richard Randall, as submitted in Instruction No. [XX], did Richard Randall prove by a preponderance of the evidence that he would have nonetheless terminated Carrie Warren if she were a man?

ANSWER:    YES_____              NO_____

9.    On the Section 1983 gender discrimination claim of Carrie Warren against the Kendall County Sheriff's Office, as submitted in Instruction No. [XX], did Carrie Warren prove by a preponderance of the evidence that her gender was a motivating factor in the decision-making process of Sabrina Jennings (question 3), Scott Koster (question 5), or Richard Randall (question 7) concerning her termination?

47

ANSWER:   YES_____          NO_____

If you answered "yes" to question 9, proceed to question 10.  If you answered "no" to question 9, proceed to question 12.

10.   On the Section 1983 gender discrimination claim of Carrie Warren against the Kendall County Sheriff's Office, as subjected in Instruction No. [XX], did Carrie Warren prove by a preponderance of the evidence that Richard Randall approved the decision to terminate her employment?

ANSWER:   YES_____          NO_____

11.   On the Section 1983 gender discrimination claim of Carrie Warren against the Kendall County Sheriff's Office, as submitted in Instruction No. [XX], did the Kendall County Sheriff's Office prove by a preponderance of the evidence that it would have nonetheless terminated Carrie Warren's employment if she were a man (Question 2)?

ANSWER:   YES_____          NO_____

**Note:** Complete the following paragraphs only if one or more of the above findings are in favor of the plaintiff Carrie Warren. If the above finding is in favor of the defendants as to all claims sign and date this form because you have completed your deliberations.

We find the plaintiff Carrie Warren's damages for physical, mental, and emotional pain and suffering to be (stating the amount or, if none, write the word "none"):

$_____   Title VII discrimination against the Kendall County Sheriff's Office
To award damages on this claim, you must have answered "Yes" to Question 1 and "No" to Question 2.

$_____   Section 1983 against Sabrina Jennings
To award damages on this claim, you must have answered "Yes" to Question 3 and "No" to Question 4.

$_____   Section 1983 against Scott Koster
To award damages on this claim, you must have answered "Yes" to Question 5 and "No" to Question 6.

$_____   Section 1983 against Richard Randall
To award damages on this claim, you must have answered "Yes" to Question 7 and "No" to Question 8.

$_____   Section 1983 against the Kendall County Sheriff's Office
To award damages on this claim, you must have answered "Yes" to Questions 9/10 and "No" to Question 11.

48

$_____     TOTAL COMPENSATORY DAMAGES FOR PAIN AND
SUFFERING

We further assess punitive damages against the following defendants as follows:

$_____     Sabrina Jennings (stating the amount or, if none, write the word
                    "none").
                    To award damages on this claim, you must have answered "Yes" to
                    Question 3 and "No" to Question 4.

$_____     Scott Koster  (stating the amount or, if none, write the word
                    "none").
                    To award damages on this claim, you must have answered "Yes" to
                    Question 5 and "No" to Question 6.

$_____     Richard Randall (stating the amount or, if none, write the word
                    "none").
                    To award damages on this claim, you must have answered "Yes" to
                    Question 7 and "No" to Question 8.

$_____     TOTAL PUNITIVE DAMAGES

Date this _____ day of July, 2018.

_____          _____
Presiding Juror

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**Plaintiff's Jury Verdict Form**

Withdrawn              _____
Given                  _____
Given as modified      _____
Refused                _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CARRIE M. WARREN )
)
         Plaintiff, )
)
         v. )    No. 15 CV 00496
)
KENDALL COUNTY SHERIFF )
DWIGHT BAIRD, in his official )    Judge Thomas Durkin
capacity; KENDALL COUNTY; )
RICHARD RANDALL; SCOTT )
KOSTER; AND SABRINA JENNINGS, )
)
         Defendants. )

### VERDICT FORM

We the jury, find as follows with respect to the claims of Carrie Warren:

1. On Carrie Warren's claim of Section 1983 Discrimination, was gender a motivating factor in any of the defendants' decision to recommend Carrie Warren's termination or to terminate Carrie Warren's employment?

    ANSWER: Yes＿＿＿＿＿＿＿＿＿    No＿＿＿＿＿＿＿＿＿＿

If you answered "yes" to item 1, proceed to items 2-9. If you answered "no" to item 1, skip items 2-9, and proceed to item 10.

2. On Carrie Warren's claim of Section 1983 Discrimination, was gender a motivating factor in Richard Randall's decision to terminate Carrie Warren's employment?

    ANSWER: Yes＿＿＿＿＿＿＿＿＿    No＿＿＿＿＿＿＿＿＿＿

If you answered "yes" to item 2, please complete item 3. If you answered "no" to item 2, please complete item 4.

51

3.  Even if gender was not a motivating factor, would Richard Randall still have terminated Carrie Warren's employment?

    ANSWER: Yes_____          No_____

4.  On Carrie Warren's claim of Section 1983 Discrimination, was gender a motivating factor in Scott Koster's decision to recommend terminating Carrie Warren's employment?

    ANSWER: Yes_____          No_____

If you answered "yes" to item 4, please complete item 5. If you answered "no" to item 4, please complete item 6.

5.  Even if gender was not a motivating factor, would Scott Koster still have recommended terminating Carrie Warren's employment?

    ANSWER: Yes_____          No_____

6.  On Carrie Warren's claim of Section 1983 Discrimination, was gender a motivating factor in Sabrina Jennings's decision to recommend terminating Carrie Warren's employment?

    ANSWER: Yes_____          No_____

If you answered "yes" to item 6, please complete item 7. If you answered "no" to item 6, please complete item 8.

7.  Even if gender was not a motivating factor, would Sabrina Jennings still have recommended terminating Carrie Warren's employment?

    ANSWER: Yes_____          No_____

8.  On Carrie Warren's claim of Section 1983 Discrimination, was gender a motivating factor in the Kendall County Sheriff's Office decision to terminate Carrie Warren's employment?

ANSWER: Yes_____       No_____

If you answered "yes" to item 8, please complete item 9. If you answered "no" to item 8, please go to item 10.

9.  Even if gender was not a motivating factor, would the Kendall County Sheriff's Office still have terminated Carrie Warren's employment?

ANSWER: Yes_____       No_____

10. As to Carrie Warren's claim of Title VII Discrimination, was gender a motivating factor in the Sheriff's Office decision to terminate Carrie Warren's employment?

ANSWER: Yes_____       No_____

If you answered "yes" to item 10, proceed to item 11. If you answered "no" to item 10, skip item 11 and proceed to the instruction after item 11.

11. Even if gender was not a motivating factor, would the Kendall County Sheriff's Office still have terminated Carrie Warren's employment?

ANSWER: Yes_____       No_____

If you answered "No" to any of items 3, 5, 7, 9 or 11, please complete item 12.

12. We award Carrie Warren compensatory damages as follows:

$_____ (stating the amount or, if none, write the word "none").

If you answered "No" to item 3, please complete item 13.

13. We award Carrie Warren punitive damages against Richard Randall as follows:

$_____ (stating the amount or, if none, write the word "none").

If you answered "No" to item 5, please complete item 14.

14. We award Carrie Warren punitive damages against Scott Koster as follows:
    $_____ (stating the amount or, if none, write the word "none").

If you answered "No" to item 7, please complete item 15.

15. We award Carrie Warren punitive damages against Sabrina Jennings as follows:

    $_____ (stating the amount or, if none, write the word "none").

Once you have completed all applicable items, proceed to sign and date this form.

Date this ____ day of July, 2018.

_____      _____
Presiding Juror

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

Defendants' Instruction No. __33__
*Smith v. Wilson*, 705 F.3d 674 (7th Cir. 2013).

Withdrawn         _____
Given              _____
Given as modified   _____
Refused          _____