UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE M. WARREN )<br>    Plaintiff, )<br>            )<br>  v.          )<br>            )<br>KENDALL COUNTY SHERIFF  )<br>DWIGHT BAIRD, in his official capacity )<br>and as successor in office to Richard )<br>Randall, KENDALL COUNTY, )<br>ILLINOIS, RICHARD RANDALL, )<br>SCOTT KOSTER, and )<br>SABRINA JENNINGS, )<br>            )<br>    Defendants. )<br>            ) | No. 15 CV 00496<br><br>Judge Thomas Durkin<br>Magistrate Judge Mary Rowland |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SECOND BILL OF COSTS**

  Plaintiff, Carrie M. Warren, by her attorneys, objects to Defendants' Bill of Costs as follows:

  Plaintiff asks this Court to consider her financial circumstances, and not award Defendants costs due to her indigency. Should the Court determine some costs should be awarded, Plaintiff asks the Court to take notice of the fact that Defendants have submitted a Bill of Costs for $71,629.34,[1] which far exceeds the amount to which they may be entitled to recover as a prevailing party under Rule 54 and 28 U.S.C. § 1920. Most glaringly, Defendants are attempting to shift the $27,889.46 cost of their experts to Plaintiff, <u>even though their experts were not appointed by the court, as is required for reimbursement under § 1920.</u> Beyond that, Defendants have padded their Bill of Costs by, among other things, seeking reimbursement for non-recoverable costs such as

---

[1] This amount is inclusive of all costs sought with respect to both the first and second trial in this matter. This memo will address all matters now before the court,

electronic research and improperly inflating the amounts they are entitled to recover for transcript costs. Finally, Defendants have failed to demonstrate that numerous costs for which they now seek reimbursement were necessary and reasonable, as is required for recovery under § 1920.

### I. This Court Should Refuse to Tax Costs Against Plaintiff.

An award of costs in the amount the Defendants' seek, $71,629.31 amounts to approximately 2 years of Plaintiff's current gross earnings. See Exhibit A. Plaintiff does not have the means to pay such a judgment now or in the foreseeable future. As such, Plaintiff asks this Court to consider granting her Objections to the Bill of Costs in total or, in the alternative, reducing the judgment to an amount she can manage.

The Seventh Circuit has long recognized two situations which may warrant the denial of costs. The first is misconduct, which is not at issue here. The second is a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent. *Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir. 2006). To deny costs based on indigency, "the district court must make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *Id* at 635. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. *Id.* Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs and no one factor is determinative. *Id.*

Plaintiff has provided an affidavit which outlines her current assets, liabilities and expenses. Plaintiff asks this Court to take note that this is a judgment against her alone. It is not a

joint debt. And, although it appears from the caselaw that "household" finances may be considered when determining indigency, Plaintiff alone is responsible for payment of this debt. She currently makes approximately $38,000 per year by working 60+ hours a week and her prospects for increasing her income in the foreseeable future are dim. She has substantial personal and joint debt, including a house in which there is no equity. She has provided sufficient information on her current financial situation and prospect and she meets the threshold criteria of indigency.

It is the second prong of the Rivera test that should tip the scale in Plaintiff favor on the exercise of the Court's discretion; namely, the consideration of the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs and no one factor is determinative. *Id.* The amount of costs in this case is large in light of Plaintiff's current and foreseeable financial situation, she does not have the ability to pay, now or in the future. This case was brought by Plaintiff in good faith and the issue decided by the jury was an extremely close one as evidenced by the jury deliberating for approximately 15 hours over a three day period. Under circumstances such as this, the Court can and should exercise its discretion to deny costs altogether or to substantially reduce costs to a manageable amount. See *Tallman v. Freedman Anselmo Lindberg LLC*, 2013 WL 4041412 (N.D. IL Aug. 7, 2013) (granting objection in part due to the issue decided by the jury being a close one); *Fabiyi v. McDonald's Corp*, 2017 WL 2819007 (N. D. IL, June 23, 2014) (finding Plaintiff had some capacity to share in company's costs but reducing costs to a manageable $1,000).

Plaintiff acknowledges that indigence does not automatically excuse the losing party from paying the prevailing party's costs. Or that her financial situation is not nearly as dire as others and that she may, more appropriately, be considered a person of modest means. But, the

Court has discretion in this matter and Plaintiff asks that the Court acknowledge her limited means to pay and the fact that, under the circumstance, the imposition of such a financial burden will serve to punish plaintiff; it will not serve the purpose of discouraging unmeritorious claims.

### II. In the Event This Court Awards Costs to Defendants, the Award Should be Greatly Reduced From the Amount Sought by Defendants

In federal court, a prevailing party may recover costs of the sort enumerated in 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (to be compensable, expenses must fall within one of the categories of costs statutorily authorized for reimbursement). Courts have discretion "to decline to tax, as costs, the items enumerated in § 1920," but have no discretion to tax costs beyond those identified therein. *Crawford Fitting Co. v. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). While "'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited," and taxable costs only include "a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012).

Additionally, even if the costs fall within the categories set forth in § 1920, judges are not granted "unrestrained discretion … to reimburse a winning litigant for every expense he has seen fit to incur." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Rather, courts should carefully scrutinize costs sought by the prevailing party because

> [a]ny other practice would be too great a movement in the direction of some systems of jurisprudence, that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

*Id*. Accordingly, Defendants can only recover costs if (1) recovery is permitted under § 1920, and (2) the expenses are reasonable both in amount <u>and</u> necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

The party requesting reimbursement has the burden of proving the amount of costs recoverable under § 1920. *Trading Technologies International, Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 969 (N.D. Ill. Oct. 29, 2010); *Telular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006).

> [T]he burden of proof is not a mere formality. Rather, the burden of proof gives teeth to the requirement that before a prevailing party may require its adversary to pay costs, the prevailing party must prove with evidence and not merely with *ipse dixit* statements – that the costs were actually incurred, were reasonable in amount, and were necessary. Where there is a failure of proof, the party who has failed to carry its burden bears the consequences.

*Trading Technologies Int'l, Inc.*, 750 F.Supp.2d at 969.

### A. Expert fees are not recoverable under § 1920.[2]

Defendants seek reimbursement for $27,889.46 in fees paid to Cavanaugh and Associates for expert services in this case. However, § 1920 only permits recovery of expert fees where the expert is appointed by the court. 28 U.S.C. § 1920(6); *Bankston v. State of Ill.*, 60 F.3d 1249, 1256-57 (7th Cir. 1995) (vacating award of expert fees as costs under § 1920); *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007) (reversing award of expert fees as costs under § 1920). The Supreme Court has held that expert fees may be recovered under § 1920 only to the extent permitted by 28 U.S.C. § 1821(b) - which addresses witness fees and presently caps reimbursement at $40 dollars per day of testimony. *See Crawford Fitting Co.*, 482 U.S at 439 (affirming reversal of district court and holding that expert witness fees may only be awarded under § 1920 as standard

---

[2] With the exception of the expert fees Defendants are attempting to shift to Plaintiff, Plaintiff will respond to Defendants' Bill of Costs in the order in which the categories of expenses appear on Defendants' "Additional Itemization" document. See Dkt. # 176-2.

witness fees for testimony actually given and are capped at the amounts set forth in 28 U.S.C. § 1821(b)). Notably, neither of Defendants' experts testified at deposition or at either trial in this case as to qualify for this limited reimbursement. Moreover, the opinions of Defendants' experts were unnecessary and largely inadmissible such that shifting $26,407.12 in expert fees to Plaintiff would be entirely unreasonable, even if permitted by § 1920.[3]

| Defendants' requested expert costs | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| **$27,889.46** | **$0.00** |

B. **The filing fee for Defendants' notice of interlocutory appeal was unnecessary and therefore cannot be recovered under § 1920.**

Defendants seek $505.00 as reimbursement for the filing fee associated with their interlocutory appeal from the denial of summary judgment on qualified immunity grounds. This Court certified the appeal as frivolous because the summary judgment ruling hinged on disputed material facts, which precludes a finding in Defendants' favor by the appellate court. Dkt. # 131 (citing *Hill v. Coppleson*, 627 F.3d 601, 606 (7th Cir. 2010) (noting that the appellate court lacks jurisdiction to consider qualified immunity claims that turn on disputed material facts). As the appeal was frivolous and entirely without merit – particularly in light of the decades of case law that defines the right to be free of harassment, discrimination, and retaliation and removes this matter from the qualified immunity realm, this Court should <u>not</u> shift the cost of the associated filing fee to Plaintiff. *See Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996) (affirming

---

[3] *See* Dkt. # 143 Plaintiff's motion to bar expert opinions wherein Plaintiff argued that Defendants were attempting to attack Plaintiff's credibility through the back door, by having their experts testify to Plaintiff's alleged propensity for untruthfulness.

the denial of costs under Rule 54 based in part on frivolous arguments raised by the prevailing party).

| Defendants' requested filing costs | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| $505.00 | $0.00 |

### C. The fees for service of subpoena are inflated beyond that which is recoverable under § 1920 and not supported by sufficient documentation to allow recovery.

Defendants seek reimbursement $350.80 for fees associated with the service of subpoenas by private process servers. This amount should not be awarded. Defendants apparently hired a process server from Schiller Park to serve Don and Colleen Schwartz in Oswego, which caused the additional cost of $100.80 in mileage for the services rendered on December 15, 2015. *See* Dkt. # 176-4, p. 3. Despite the fact that the process server appears to have double-charged mileage in this instance (Schiller Park and Oswego being about 45 miles apart per Google Maps, not 90 as the process server indicated), hiring a process server located 45 miles away is unreasonable and unnecessary such that Plaintiff should not be required to pay this cost. Defendants likely could have identified a local entity to serve process, whose rates are comparable to those offered by the Kendall County Sheriff's Office. If allowed at all, Plaintiff should only be required to pay $146.00 total, inclusive of mileage, based on market rates in Kendall County.[4]

| Defendants' requested service costs | Plaintiff's alternative proposal should the Court not deny |
|---|---|

---

[4] This amounts to $78.00 for service on Don and Colleen Schwartz at their residence on December 15, 2015 ($68.00 + 10.00 for additional individual served at location) and $68.00 for service on Don Schwartz at his residence on April 7, 2017. *See* Kendall County Sheriff's Civil Process Fee Structure available at http://www.co.kendall.il.us/sheriff/civil-process-fee-structure/.

|  | Defendants' Bill of Costs in its entirety |
|---|---|
| **$350.80** | **$0/$146.00** |

### D. The transcript fees sought by Defendants are inflated beyond that which is recoverable by § 1920.

Defendants seek reimbursement for $38,426.40 in "transcript fees," which includes deposition transcripts, court reporter appearance fees, video recordings, and hearing transcripts. Plaintiff will address these sub-categories individually.

#### 1. Deposition transcripts.

Since the filing of their first Bill of Costs, Defendants appear to have reduced the amount sought for reimbursement of transcripts to the cap of $3.65 per page for original transcripts and $0.90 per page for copies. *See* Local Rule 54.1(b); N.D. Ill. Gen. Order 12-003.[5] However, it also appears that Defendants' figures are still further inflated by their practice of seeking reimbursement for items such as additional condensed transcripts, word indexes, ASCII, online exhibits, Adobe PDF Exhibit Number Bookmarks, and handling fees; none of which are recoverable under § 1920. *See*, *e.g.*, *Ceng v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (denying the defendants request for costs relating to deposition exhibits where the exhibits were otherwise produced during discovery); *SP Technologies, LLC v. Garmin International, Inc.*, 2014 WL 300987, at *4-5 (N.D. Ill. Jan. 10, 2014) (reimbursement for condensed transcripts, ASCII, and word indexes unavailable under § 1920); *Bellino v. Mineta*, 2007 WL 2317202, at *2 (N.D. Ill. Aug 7, 2007) (handling fees, keyword indexes, and condensed transcripts not recoverable under § 1920); *Surratt v. Chicago Transit Authority*, 2005 WL 946873,

---

[5] Available at http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/General%20Order%2012-0003%20-%20Transcript%20Copy%20Rates.pdf

at *2 (N.D. Ill. April 18, 2005) (reimbursement for delivery costs, condensed transcripts, ASCII, and word indexes unavailable under § 1920).

When considering the actual number of transcript pages (testimony, as compared to extraneous pages such as word indexes, exhibits pages, etc.) and the maximum rates available in this District, Defendants may only recover the following amounts for deposition transcripts of the following individuals:

| Deposition | Transcript Pages | Cost per page | Authorized Cost | Requested by Defendants |
|---|---|---|---|---|
| Carrie Warren | 382 | $3.65 | $1,394.30 | $1,408.90 |
| Richard Randall | 302 | $3.65 | $1,102.30 | $1,120.55 |
| Scott Koster vol 1 | 170 | $3.65 | $620.50 | $624.15 |
| Scott Koster vol 2 | 283 | $3.65 | $1,032.95 | $1,036.60 |
| Sabrina Jennings | 272 | $3.65 | $992.80 | $996.45 |
| Joseph Gillespie | 245 | $3.65 | $894.25 | $901.55 |
| Edmund Belmonte | 271 | $3.65 | $989.15 | $1,000.10 |
| Robert Leinen | 195 | $3.65 | $711.75 | $719.05 |
| Nicole Swiss | 133 | $3.65 | $485.45 | $489.10 |
| Christopher Phillips | 127 | $3.65 | $463.55 | $467.20 |
| Jon Hassler | 150 | $3.65 | $547.50 | $558.45 |
| Robert Weiler | 79 | $3.65 | $288.35 | $299.30 |
| Joseph Goins vol 1 | 49 | $3.30[6] | $161.70 | $165.00 |
| Joseph Goins vol 2 | 114 | $3.65 | $416.10 | $423.40 |
| Dwight Baird | 147 | $3.65 | $536.55 | $540.20 |
| Kim Lombardo | 38 | $3.65 | $138.70 | $142.35 |
| Scott Valencik | 72 | $3.65 | $262.80 | $266.45 |
| Derek Landorf | 107 | $3.65 | $390.55 | $394.20 |
| Scott Koeppel | 149 | $3.65 | $543.85 | $547.50 |
| William Craig | 111 | $3.65 | $405.15 | $408.80 |
| Tracy Page | 85 | $3.65 | $310.25 | $313.90 |
| Judge R. Pilmer | 49 | $3.65 | $178.85 | $182.50 |
| Jeff Warren | 134 | $3.33 | $446.22 | $503.70 |
| Carmen Rhoden | 76 | $3.33 | $253.08 | $292.00 |

---

[6] Where the reporters charged less than the maximum rate of $3.65, the lesser rate is applied.

| Christine Fidler | 53 | $3.33 | $176.49 | $200.75 |
| --- | --- | --- | --- | --- |
| Colleen Forde | Unknown | $3.65 | $0 | $94.90 |
| Donald Schwartz | Unknown | $3.65 | $0 | $58.40 |
| Tiffany Thomas | Unknown | $3.65 | $0 | $102.20 |
| Taylor Smith | Unknown | $3.65 | $0 | $65.70 |
| Jessica Anderson | Unknown | $3.65 | $0 | $156.95 |
| Kirsten Shumaker | Unknown | $3.65 | $0 | $138.70 |
| Joseph Rousseau | Unknown | $3.65 | $0 | $290.40 |
| **TOTALS** | | | **$14,043.14** | **$14,909.40** |

Plaintiff did not obtain the transcripts of either Don Schwartz, Colleen Forde, Tiffany Thomas, Taylor Smith, Jessica Anderson, Kirsten Shumaker or Joseph Rousseau and is not able to distinguish between the total pages of compensable transcript and whatever extraneous pages for which Defendants may be seeking recovery. While it appears that Defendants have made reductions from the amounts originally billed by the court reporters for these depositions, it is impossible to tell from the documentation provided the basis for the charges Defendants is claiming. Unless Defendants can identify the number of compensable pages, no recovery should be allowed. *See Trading Technologies Int'l, Inc.*, 750 F.Supp.2d at 969 (defendants have the burden of proof to identify compensable expenses).

In addition, with respect to Joseph Rousseau, whose deposition Defendants took during trial, Defendants should not be allowed to recover costs associated with this deposition because the deposition itself was unnecessary. Defendants had the option of conducting a telephone interview in preparation for his trial testimony but opted for a deposition for their own convenience. Similarly, Defendants should not be allowed to recover costs associated with the depositions of Olive Garden employees (Thomas, Smith, Anderson and Shumaker) because this Court barred the testimony of these witnesses from trial as irrelevant and inadmissible. These depositions were unnecessary.

| Defendants' requested transcript costs | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| $14,909.40 | $14,043.14 |

**2. Reporter Appearance Fees**

Under Local Rule 54.1, court reporter appearance fees are capped at $110.00 for half day assignments (less than four hours) and $220.00 for full day assignments (more than four hours). *SP Technologies, LLC*, 2014 WL 300987, at *5. Despite the cap, Defendants regularly seek reimbursement of appearance costs well in excess of that which is permitted in this District.

| Deposition | Authorized court reporter fee | Requested by Defendants |
|---|---|---|
| Don Schwartz/Colleen Schwartz | $110.00 | $170.00 |
| Taylor Smith, Tiffany Thomas, Jessica Anderson and Kirsten Shumaker | $220.00 | $382.50 |
| **TOTALS** | **$330.00[7]** | **$552.50** |

Also, based on the same arguments asserted above, Defendants should not be permitted to recover court reporter appearance fees for the depositions of the Olive Garden employees. Even assuming these costs are recoverable, Defendants should only be awarded $220.00 of the $382.50 requested for the Olive Garden employees.

| Defendants' requested appearance costs | Plaintiff's alternative proposal should the Court not deny |

---

[7] Defendants appear to have deleted requests for appearance fees they made in their first Bill of Costs, specifically the appearance fee for the depositions of Carrie Warren, Jeff Warren, Carmen Rhoden, and Christine Fidler. As such, Plaintiff contends they are waived.

- 11 -

|  | Defendants' Bill of Costs in its entirety |
|---|---|
| $552.50 | $110.00/$330.00 |

### 3. Videotaped deposition of Plaintiff.

Defendants seek reimbursement of $2,345.50 for the video-recorded deposition of Plaintiff <u>in addition to</u> the court reporter and transcript costs identified above. Defendants should not be permitted to recover this cost for many reasons. Generally, "courts in this circuit will not award costs for videotaping depositions where a transcript was also purchased" unless the party seeking reimbursement demonstrates that it was necessary to obtain both. *SP Technologies*, 2014 WL 300987, at *5 (citing cases). Defendants have made no such showing.

To the extent Defendants may suggest that the video was necessary because it was used for a few minutes at the first trial for attempted impeachment, the same could have been done with the deposition transcript. Further, even if acquisition of the video was "necessary" for this purpose, the cost of $2,345.50 for a few minutes of video footage is hardly reasonable. If anything, the cost of the video should be pro-rated based on the extent to which it was used at trial.

Further, the $2,345.50 requested by Defendants includes $612.50 for the video, $1,677.50 in video reporter fees, and a handling fee of $20. There is no reason for the appearance of a separate video recorder as the court reporter was already in attendance (the service used by Plaintiff in this case has the reporter perform both stenographic and video recording functions). Moreover, even if the costs of a separate videographer were reasonable, there is no reason for the appearance fees to exceed those permitted for stenographers, meaning that the $1,677.50 requested should be reduced to $220.00 (and the $20.00 handling fee eliminated).

| Defendants' requested video costs | Plaintiff's alternative proposal should the Court not deny |
|---|---|

|  | Defendants' Bill of Costs in its entirety |
|---|---|
| $2,345.50 | $0.00 |

### 4. Hearing transcripts.

Defendants seek reimbursement of $20,602.20 in hearing transcripts, which include the oral ruling on summary judgment, the final pretrial conference for the first trial, and the daily trial transcripts. Plaintiff has no objection to the summary judgment transcript, as this Court's oral ruling was not otherwise memorialized. In contrast, the parties prepared a document memorializing the evidentiary rulings from the pre-trial conference, making the acquisition of this transcript unnecessary. The Defendants have offered nothing to demonstrate that this transcript was necessarily obtained for use in this case.

Similarly, Defendants have not justified their acquisition of the daily transcripts from trial in a way that can support shifting over $14,000 in costs to Plaintiff. Defendants have not asserted an adequate basis for shifting this cost to Plaintiff, and should not be granted recovery of this substantial expense. *Trading Technologies Int'l, Inc.*, 750 F.Supp.2d at 969. The expense was incurred for Defendants' counsel convenience only.

| Defendants' requested hearing transcripts costs | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| $20,602.20 | $16.80 |

TOTAL "TRANSCRIPT" FEES

| Defendants' requested transcript costs | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| $38,409.60 | $14,389.94 |

### E. Witness Fees for Record Subpoenas.

No objection

| Defendants' requested record deposition fees | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| $290.53 | $290.53 |

### F. Deposition witness fees should not be awarded for the Olive Garden employees.

Defendants seek reimbursement of $617.00 in deposition witness fees. As this Court barred the testimony of Plaintiff's former Olive Garden co-workers at trial, Plaintiff objects to cost-shifting of ay expenses related to their depositions.

| Defendants' requested deposition witness fees | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| $617.00 | $397.00 |

### G. Trial Witness Fees.

No objection

| Defendants' requested trial witness fees | Plaintiff's alternative proposal should the Court not deny |
|---|---|

|  | Defendants' Bill of Costs in its entirety |
|---|---|
| $574.81 | $574.81 |

**H. Defendants have failed to satisfy their burden of showing that the requested copying and exemplification expenses were necessarily obtained for use in this case rather than for the convenience of counsel.**

Defendants seek reimbursement for $2,554.30 in copying and exemplification costs. Section 1920 authorized an award of costs for "exemplification and copied of paper necessarily obtained for use in the case," which refers to materials "actually prepared for use in presenting evidence to the court." *Vigortone AG Products, Inc. v. PM AG Products, Inc.*, 2004 WL 1899882, at *7 (N.D. Ill. Aug. 12, 2004). Costs of copies made "solely for the convenience of counsel" are not recoverable. *Id.* To determine whether this cost is compensable, Defendants must at least identify the documents being copied and specify the number of copies made, as to distinguish compensable costs from extra copies made for the sake of convenience. *See Trading Technologies Int'l, Inc.*, 750 F.Supp.2d at 979.

Here, Defendants have failed to provide information identifying the documents copied, the purpose of the copies, or whether multiple copies were made of the same documents. The invoices simply state that a certain number of copies were made during a certain timeframe. *See*, *e.g.*, Dkt. # 176-4, p. 132. This detail is insufficient to bring the costs within the scope of § 1920. *See Telular Corp.*, 2006 WL 1722375, at *5 (denying copying costs based on the same limited documentation); *Vigortone AG Products, Inc.*, 2004 WL 1899882, at *7 (denying all copying costs as unsubstantiated). Similarly, Defendants have not indicated why thousands of pages of copies were required in color at a rate of $0.25 per copy as compared to the $0.10 rate used for all other copies. *See*, *e.g.*, Dkt. 252-5, p. 149. Such an expense was entirely unnecessary in this case,

considering the number of color copies used at trial or in motion practice. From the documentation produced, Plaintiff has no way of ascertaining how much was expended by Defendants for copies relating to their expert witness, which was a totally unnecessary expense.

As for any costs attributed to exemplification, Defendants presented minimal, of any, demonstrative exhibits at trial, and provide no explanation as to what documents or exemplification efforts contributed to the asserted costs. Absent such a showing, which is not satisfied merely by conclusory assertions that the trial exhibit costs were necessary, courts should decline to award exemplification costs. *See Trading Technologies Int'l, Inc.*, 750 F.Supp.2d at 981 ("When a prevailing party does not identify the exhibits for which is claims costs, the court should deny a awarding costs for the exhibits because it is impossible to determine whether the costs were necessary for use in the case."). Moreover, exemplification not reasonably necessary to the presentation of one's case to the court does not qualify for reimbursement under § 1920. *Cefalu*, 211 F.3d at 428-29. Defendants have not satisfied their burden on this issue.

| Defendants' requested copying/exemplification fees | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
|---|---|
| $2,554.30 | $0.00 |

### I. Other Costs.

#### 1. FedEx charges are not recoverable under § 1920.

Defendants seek reimbursement of $429.63 in FedEx costs. Shifting of FedEx costs, however, is not permitted by § 1920. *Telular Corp.*, 2006 WL 1722375, at *11. Even if recovery of such charges were permitted, Defendants should not be permitted to recover charges other than

those related to deliveries made to this Court (a maximum recovery of $197.09). As explained above, Defendants cannot shift expert fees to Plaintiff and similarly should not be permitted to shift to Plaintiff FedEx charges for communications with their experts (likely sending payments as evidence by the charge incurred after trial that Defendants are attempting to shift in their bill of costs). Further, Defendants' counsel has offered no information that would suggest the FedEx costs for deliveries to their experts, their clients, or their process server were necessary or reasonable.

| Defendants' requested FedEx charges | Plaintiff's alternative proposal should the Court not deny Defendants' Bill of Costs in its entirety |
| --- | --- |
| $429.63 | $0.00 |

**2. Electronic research charges are not recoverable under § 1920.**

Defendants seek reimbursement for $1473.72 in Westlaw research charges. As the Seventh Circuit has held that legal research fees are not considered taxable costs under § 1920, this request should not be granted. *Haroco, Inc. v. American National Bank and Trust Co. of Chi.*, 38 F.3d 1429, 1440-41 (7th Cir. 1994). Admittedly, the holding in *Haroco* has been somewhat muddied by the Seventh Circuit's decision in *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699 (7th Cir. 2008), where the appellate court affirmed the district court's decision to award costs for computerized legal research without discussing the issue or referencing its earlier decision in *Haroco*. *See Little*, 514 F.3d at 701. As other courts within this circuit have recognized, however, "it seems unlikely that such well-considered reasoning [as was provided in *Haroco*] would be overturned by one sentence in a case which does not even discuss the issue." *Thomas v. City of Peoria*, 2009 WL 4591084, at *3 (C.D. Ill. Dec. 3, 2009) (citing *Mason v. Smithkline Beacham*

*Corp.*, 2008 WL 539579 (C.D. Ill. Oct. 7, 2008); *see also Lawrence A. Jaffe Pension Plan v. Household International, Inc.*, 2014 WL 1097471, at *1-2 (N.D. Ill. March 20, 2014) (declining to award costs for electronic research on the basis that *Horoco* was still good law following *Little*); *Feldman v. Olin Corp.*, 2011 WL 711054, at *2-3 (S.D. Ill. Feb. 22, 2011) (same). Accordingly, this Court should deny Defendants' request for computerized research charges.

| Defendants' requested Westlaw charges | Plaintiff's proposal |
|---|---|
| $1473.72 | $0.00 |

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Bill of Costs in its entirety or, alternatively, reduce Defendants' Bill of Costs to a manageable sum, which in no event should exceed the amounts outlined above and for all other relief the Court deems appropriate and just under the circumstances, including sanctions against Defendants sufficient to compensate Plaintiff for reasonable time expended responding to Defendants' improperly inflated Bill of Costs.

Respectfully Submitted,

/s/Colleen M. McLaughlin _____
One of the attorneys for Plaintiff

The Law Offices of Colleen M. McLaughlin
Colleen M. McLaughlinf
1751 S. Naperville Rd., Ste. 209
Wheaton, Illinois 60189
T: (630) 221-0305 / F: (630) 221-0706
colleen@cmmc-employmentlaw.com

## CERTIFICATE OF SERVICE

I, hereby certify that on August 23, 2018 I electronically filed Plaintiff's Response to Defendants' Bill of Costs, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Julie A. Bruch
Karin Anderson
O'Hallaran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
847-291-0200
jbruch@okgc.com
kanderson@okgc.com

                                             /s/Colleen M. McLaughlin
                                             One of the attorneys for Plaintiff

The Law Offices of Colleen M. McLaughlin
Colleen M. McLaughlin
1751 S. Naperville Rd., Ste. 209
Wheaton, Illinois 60189
Telephone: (630) 221-0305
Facsimile: (630) 221-0706
colleen@cmmc-employmentlaw.com